IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN FITZGERALD HENDERSON, SR.,
Inmate No. D87291,
  Plaintiff,

vs.               Case No. 3:15cv480/RV/EMT

JULIE L. JONES, et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's untitled motion seeking injunctive relief (ECF No. 13) and an "Emergency Request for Injunctive Restrainer" (ECF No. 16). Plaintiff initiated this action by filing a civil rights complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 against officials in the Florida Department of Corrections, at Lake Butler Regional Medical Center, and at Century and Santa Rosa Correctional Institutions. Since the time he filed his complaint on October 23, 2015, Plaintiff has been housed at Osceola County Corrections Department (ECF No. 1 at 1), but his more recent request was evidently mailed from Santa Rosa Correctional Institution, thus indicating he had recently been transferred there.

The court has yet to review Plaintiff's complaint as required under 28 U.S.C. § 1915(e)(2)(B) because presently Plaintiff has a January 18, 2016, deadline in which

to submit an amended complaint on the proper court form (ECF No. 11). Cursory review reveals that Plaintiff alleges he has been assaulted, sexually and otherwise, and has been denied sufficient medical treatment at all of the institutions identified above.

In the untitled motion for injunctive relief, Plaintiff relates that he was struck by an officer on November 11, 2013, causing loss of vision in his eye, and he requests that he be transported to "state medical hospital" with a "restraining order" (ECF No. 13 at 1). Plaintiff also states that officers at the above institutions (where Plaintiff is no longer incarcerated) have been putting "things" in his food and putting him "in harm with dangerous inmates" (ECF No. 13 at 1–2).

In his "Emergency Request for Injunctive Restrainer," Plaintiff states that, upon his arrival "at CM1 Main Unit" (evidently at Santa Rosa Correctional Institution), he was sexually violated by an unidentified corrections officer whom he states was infected with the AIDS virus (ECF No. 16 at 1). Plaintiff also claims that unidentified persons "put HIV-AIDS semen in my kosher food meals . . . and . . . on the breads of my kosher meals and call them food stamps" (ECF No. 16 at 1). Plaintiff indicates that his sexual violation occurred while he was asleep and that it was "spoken about throughout the compound" (ECF No. 16 at 1). As relief he seeks the restoration of "back and pass gain-time not calculated by retaliation that happened November 11, 2013" (ECF No. 16 at 2).

Plaintiff's motion are construed as ones for a preliminary injunction or temporary restraining order. The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); <u>Carillon Imp., Ltd.</u>, 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad., Inc.</u>, 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not provide a basis for granting injunctive relief. He provides only the broad, conclusory statements identified above in support of his motions. Some of the relief he appears to request relates to an incident that occurred more than two years ago. Moreover, the relief he seeks, especially the restoration of gain time, does not relate to the conduct of which he complains.

Plaintiff's specific request for transfer to an unidentified hospital, be it within the Department of Corrections or not, is unavailing. While the Eighth Amendment requires that prisoners be provided with a certain quantum of medical treatment, it does not guarantee a prisoner the treatment of his choice at the facility of his choice. *See, e.g.*, Meachum v. Fano, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451

(1976); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  Especially at this stage of the litigation where the court has not been able to review the complaint and where Plaintiff's claims remain unsupported and conclusory, granting the injunction would require the federal courts to interfere in the administration of the Department of Corrections and take over the management or treatment of a single inmate.  Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.  Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459(1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982).  Therefore, Plaintiff's request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's construed motion for preliminary injunctive relief (ECF No. 13) and "Emergency Request for Injunctive Restrainer" (ECF No. 16) be **DENIED**.

At Pensacola, Florida, this 11th day of January 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**